# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DWAYNE SPENCE, #283997 | * |
| Plaintiff | * |
| v. | *  Civil Action No. L-11-2349 |
| PAUL A. SMITH, | * |
| *Circuit Court of Baltimore City* | * |
| Defendant | |

***

## **MEMORANDUM**

The above-captioned case was filed on August 19, 2011, together with a Motion to Proceed in Forma Pauperis. The form motion is incomplete; Plaintiff answered none of the questions regarding his finances and did not sign the motion. The motion will be denied.

The Complaint seeks damages against Judge Paul A. Smith, who presided over Plaintiff's criminal trial in the Circuit Court for Baltimore City. ECF No. 1. Plaintiff explains there was a trial on March 24, 2011, resulting in a not-guilty finding for two offenses, but guilty findings for lesser-included offenses of wearing, carrying, transporting a handgun and "take and carry away vehicle." Id. at p. 4. He concludes he is seeking damages for emotional distress resulting from the time he has spent in prison illegally. Id.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Under this standard, the instant Complaint must be dismissed. Plaintiff is seeking damages against a judge for actions or decisions made in his capacity as a judge which is prohibited by the doctrine of judicial

immunity.  See Forrester v. White, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").[1]

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the first filed by Plaintiff that has been dismissed as frivolous.  A separate Order follows.

August 29, 2011                                                        /s/
                                                                _____
                                                                Benson Everett Legg
                                                                United States District Judge

---

[1] If the same allegations were made against a party who was not immune from suit the Complaint would be subject to dismissal because Plaintiff cannot establish that his criminal conviction was reversed or otherwise invalidated by the Maryland courts.  See Heck v. Humphrey, 512 U. S. 477, 487 (1994) (42 U.S.C. §1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed).